UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SAMUEL BRADLEY,

                                 Plaintiff,

           -against-

CITY OF NEW YORK, AURCLIEN JEANTY, TODD RAGNI, DEBRA EAGER, PETER ALSTON, JEREMIAH WILLIAMS, MICHAEL PERRY, and JOHN and JANE DOE 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                               Defendants.

-------------------------------------------------------------------X

**AMENDED COMPLAINT**

08 Civ. 6703 (RJH)

Jury Trial Demanded

[Stamp: RECEIVED OCT 1 0 2008 U.S.D.C. S.D.N.Y. CASHIERS]

       Plaintiff SAMUEL BRADLEY, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the State of New York and the United States.

### JURISDICTION

2.    The action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

### VENUE

4.    Venue is properly laid in the Southern District of New York under 28 U.S.C. §

1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     At all relevant times plaintiff SAMUEL BRADLEY was a resident of the City and State of New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

9.     That at all times hereinafter mentioned, the individually named defendants, AURCLIEN JEANTY, TODD RAGNI, DEBRA EAGER, PETER ALSTON, JEREMIAH WILLIAMS, MICHAEL PERRY and JOHN and JANE DOE 1 Through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City New York.

11.    Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

12. Each and all of the acts of the defendant alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

13. On October 24, 2005, at approximately 2:00 p.m., plaintiff SAMUEL BRADLEY was lawfully in the vicinity of East 226th Street and Bronx Boulevard, in the Bronx, New York.

14. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully and without reasonable suspicion or any just cause approached plaintiff in his motor vehicle, unlawfully searched plaintiff on the street; and thereafter falsely arrested and unlawfully imprisoned the plaintiff. Plaintiff was thereafter taken to the NYPD 47th Precinct stationhouse against his will, where he was unlawfully and without any reasonable suspicion or just cause strip searched by the defendants, who were in the process of concocting bogus charges against Mr. Bradley. The false charges were conveyed to the Bronx County District Attorney's Office for the purpose of initiating a prosecution against the plaintiff. Plaintiff was incarcerated until he was arraigned and released on his own recognizance on October 25, 2005, and thereafter maliciously prosecuted by the defendants and forced to defend the baseless charges until December 6, 2005, when the charges were dismissed and sealed at the request of the Office of the Bronx County District Attorney. All of the above occurred while other NYPD officers failed to intervene in the illegal conduct described herein.

15. As a result of the foregoing, plaintiff SAMUEL BRADLEY sustained, *inter alia*, deprivation of liberty, emotional distress, embarrassment, and humiliation, and deprivation of his

constitutional rights.

## Federal Claims

## AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights under 42 U.S.C. § 1983)

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "15" with the same force and effect as if fully set forth herein.

17. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

18. All of the aforementioned acts deprived plaintiff SAMUEL BRADLEY of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

19. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

20. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

21. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## AS AND FOR A SECOND CAUSE OF ACTION
(False Arrest under 42 U.S.C. § 1983)

22. Plaintiff repeats, reiterate and realleges each and every allegation contained in paragraphs numbered "1" through "21" with the same force and effect as if fully set forth herein.

23. The defendants falsely imprisoned the plaintiff SAMUEL BRADLEY against his will despite the absence of probable cause.

24. As a result of the foregoing, plaintiff SAMUEL BRADLEY was handcuffed, strip searched, held in a cell, and otherwise deprived of his right to be free from false arrest.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26. Defendants initiated, commenced and continued a malicious prosecution against plaintiff by providing false and/or misleading information to the Bronx County District Attorney's office.

27. The aforesaid prosecution terminated in favor of the plaintiff when it was dismissed on or about December 6, 2005.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Unlawful Strip Search under 42 U.S.C. § 1983)

28. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. The illegal searches of plaintiff SAMUEL BRADLEY were conducted in the absence of reasonable individualized suspicion that plaintiff was in possession of weapons or contraband.

30. As a result of the aforementioned conduct of defendants, plaintiff SAMUEL BRADLEY's constitutional right to be free from unwarranted strip searches was violated.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

31. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32. Defendants had an affirmative duty to intervene on behalf of plaintiff SAMUEL BRADLEY, whose constitutional rights were being violated in their presence by other officers.

33. The defendants failed to intervene to prevent the unlawful conduct described herein.

34. As a result of the foregoing, plaintiff SAMUEL BRADLEY was put in fear of his safety, he was humiliated, and subjected to unjustified deprivations of his liberty and violations of his privacy.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

37. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38. The defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

39. As a result of the foregoing, plaintiff SAMUEL BRADLEY was deprived of his liberty and right to substantive due process, causing severe and permanent emotional and physical injuries.

### AS AND FOR A EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

42. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, the policy, custom or practice of unlawfully stopping, seizing, searching, and strip searching innocent individuals for improper reasons, and then committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, as well as a policy and practice of conducting unlawful strip searches and failing to properly train its employees regarding the legal parameters of strip searching, that was the moving force behind the violation of plaintiff SAMUEL BRADLEY'S rights as described herein. As a result of the

failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

43. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff SAMUEL BRADLEY.

44. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff SAMUEL BRADLEY as alleged herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff SAMUEL BRADLEY as alleged herein.

46. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff SAMUEL BRADLEY was unlawfully stopped, strip searched, arrested and prosecuted.

47. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff SAMUEL BRADLEY'S constitutional rights.

48. All of the foregoing acts by defendants deprived plaintiff SAMUEL BRADLEY of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

8

      B.      To be free from false arrest;

      C.      To be free from malicious prosecution;

      D.      To receive equal protection under law;

      E       To be free from unlawful searches and strip searches; and

      F.      To be free from the failure to intervene.

49. As a result of the foregoing, plaintiff SAMUEL BRADLEY is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**WHEREFORE**, plaintiff SAMUEL BRADLEY demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C ) reasonable attorney's fees and the costs and disbursements of their action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
October 6, 2008

                              LEVENTHAL & KLEIN, LLP
                              45 Main St., Suite 230
                              Brooklyn, New York 11201
                              (718) 722-4100
                              By: _____
                              BRETT H. KLEIN

                              Attorneys for Plaintiff SAMUEL BRADLEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

SAMUEL BRADLEY,

                                               Plaintiff,                08 Civ. 6703 (RJH)

   -against-

CITY OF NEW YORK, AURCLIEN JEANTY, TODD RAGNI,
DEBRA EAGER, PETER ALSTON, JEREMIAH WILLIAMS,
MICHAEL PERRY and JOHN and JANE DOE 1 through 10,
individually and in their official capacities, (the names John and
Jane Doe being fictitious, as the true names are presently unknown,

                                         Defendants.

-----------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for Samuel Bradley
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100