UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

SAMUEL BRADLEY,

                                      Plaintiffs,

                -against-

CITY OF NEW YORK, AURCLIEN JEANTY, TODD
RAGNI, DEBRA EAGER, PETER ALSTON, JEREMIAH
WILLIAMS, MICHAEL PERRY, and JOHN and JANE
DOE 1 through 10, individually and in their official
capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                                      Defendants.

------------------------------------------------------------------- x

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF JEANTY, RAGNI, ALSTON AND WILLIAMS**

08 CV 6703 (RJH)(KNF)

ECF Case

Jury Trial Demanded

        Defendants Aurclien Jeanty, Todd Ragni, Peter Alston and Jeremiah Williams,[1] by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Amended Complaint, respectfully allege, upon information and belief, as follows:

        1.     Deny the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff purports to bring this action as stated therein.

        2.     Deny the allegations set forth in paragraph "2" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

---

[1] On October 30, 2008, an answer to the Amended Complaint was filed on behalf of the City of New York, and, on November 26, 2008, an answer to the Amended Complaint was filed on behalf of Debra Eager and Michael Perry.

3. Deny the allegations set forth in paragraph "3" of the Amended Complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

4. Deny the allegations set forth in paragraph "4" of the Amended Complaint, except admit that plaintiff purports to base venue as stated therein.

5. Paragraph "5" of the Amended Complaint sets forth a demand for a trial by jury to which no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Amended Complaint.

7. Deny the allegations set forth in paragraph "7" of the Amended Complaint except admit that the City of New York is a municipal corporation incorporated under the laws of the State of New York and respectfully refers the Court to the New York State Charter.

8. Deny the allegations set forth in paragraph "8" of the Amended Complaint, except admit that the City of New York maintains a police department.

9. Deny the allegations set forth in paragraph "9" of the Amended Complaint, except admit that defendants Aurelien Jeanty, Todd Ragni, Debra Eager, Peter Alston, Jeremiah Williams and Michael Perry are employed by the City of New York as members of service of the New York City Police Department and deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Amended Complaint as to "John and Jane Doe 1 through 10."

10. Paragraph "10" of the Amended Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

11. Paragraph "11" of the Amended Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

12. Paragraph "12" of the Amended Complaint sets forth conclusions of law rather than averments of fact and thus no response is required.

13. Deny the allegations set forth in paragraph "13" of the Amended Complaint.

14. Deny the allegations set forth in paragraph "14" of the Amended Complaint.

15. Deny the allegations set forth in paragraph "15" of the Amended Complaint.

16. In response to the allegations set forth in paragraph "16" of the Amended Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

17. Deny the allegations set forth in paragraph "17" of the Amended Complaint.

18. Deny the allegations set forth in paragraph "18" of the Amended Complaint.

19. Deny the allegations set forth in paragraph "19" of the Amended Complaint.

20. Deny the allegations set forth in paragraph "20" of the Amended Complaint.

21. Deny the allegations set forth in paragraph "21" of the Amended Complaint.

22. In response to the allegations set forth in paragraph "22" of the Amended Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

23. Deny the allegations set forth in paragraph "23" of the Amended Complaint.

24. Deny the allegations set forth in paragraph "24" of the Amended Complaint

25. In response to the allegations set forth in paragraph "25" of the Amended Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

26. Deny the allegations set forth in paragraph "26" of the Amended Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Amended Complaint, except admit that the charges against plaintiff were dismissed on December 6, 2005.

28. In response to the allegations set forth in paragraph "28" of the Amended Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the Amended Complaint.

30. Deny the allegations set forth in paragraph "30" of the Amended Complaint.

31. In response to the allegations set forth in paragraph "31" of the Amended Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the Amended Complaint.

33. Deny the allegations set forth in paragraph "33" of the Amended Complaint.

34. Deny the allegations set forth in paragraph "34" of the Amended Complaint.

35. In response to the allegations set forth in paragraph "35" of the Amended Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

36. Deny the allegations set forth in paragraph "36" of the Amended Complaint.

37. In response to the allegations set forth in paragraph "37" of the Amended Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the Amended Complaint.

39. Deny the allegations set forth in paragraph "39" of the Amended Complaint.

40. In response to the allegations set forth in paragraph "40" of the Amended Complaint, defendants repeat and reallege all the preceding paragraphs of this answer, as if fully set forth herein.

41. Deny the allegations set forth in paragraph "41" of the Amended Complaint.

42. Deny the allegations set forth in paragraph "42" of the Amended Complaint.

43. Deny the allegations set forth in paragraph "43" of the Amended Complaint.

44. Deny the allegations set forth in paragraph "44" of the Amended Complaint.

45. Deny the allegations set forth in paragraph "45" of the Amended Complaint.

46. Deny the allegations set forth in paragraph "46" of the Amended Complaint.

47. Deny the allegations set forth in paragraph "47" of the Amended Complaint.

48. Deny the allegations set forth in paragraph "45" of the Amended Complaint, including its subparts.

49. Deny the allegations set forth in paragraph "49" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

50. The Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

51. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

52. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of the defendants.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

53. The defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and, therefore, are protected by qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

54. There was probable cause for plaintiff's arrest, detention and/or prosecution.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

55. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

56. Plaintiff's claims may be barred, in part, by the applicable statute of limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

57. To the extent the Amended Complaint alleges any claims arising out of the laws of the State of New York, such claims may be barred as a result of the plaintiff's failure to comply with General Municipal Law § 50-e.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

58. At all times relevant to the acts alleged in the Amended Complaint, the defendants acted reasonably in the proper and lawful exercise of their discretion.

**WHEREFORE,** defendants Aurclien Jeanty, Todd Ragni, Peter Alston and Jeremiah Williams request judgment dismissing the Amended Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         April 10, 2009

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                          City of New York
                                        *Attorney for Defendants Jeanty, Ragni, Alston and Williams*
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 227-0414

                                        By: _____
                                        Karl J. Ashanti (KA 4547)
                                        Assistant Corporation Counsel
                                        Special Federal Litigation Division

To:   Brett H. Klein, Esq. (By ECF and Mail)
      Leventhal & Klein, LLP
      *Attorney for Plaintiff*
      45 Main Street, Suite 230
      Brooklyn, New York 11201
      (718) 722-4100

8

## DECLARATION OF SERVICE BY FIRST-CLASS MAIL

I, **Karl J. Ashanti**, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on **April 10, 2009**, I served the annexed **Answer to Amended Complaint on behalf of Aurelien Jeanty, Todd Ragni, Peter Alston and Jeremiah Williams** by ECF and by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

> Brett H. Klein, Esq.
> Leventhal & Klein, LLP
> 45 Main Street, Suite 230
> Brooklyn, New York 11201

Dated: New York, New York
April 10, 2009

_____
Karl J. Ashanti
Assistant Corporation Counsel

Index No. 08 CV 6703 (RJH)(KNF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMUEL BRADLEY,

Plaintiffs,

-against-

CITY OF NEW YORK, AURCLIEN JEANTY, TODD RAGNI, DEBRA EAGER, PETER ALSTON, JEREMIAH WILLIAMS, MICHAEL PERRY, and JOHN and JANE DOE 1 through 10, individually and in its official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

Defendants.

## ANSWER TO AMENDED COMPLAINT ON BEHALF OF JEANTY, RAGNI, ALSTON AND WILLIAMS

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendants City of New York, Eager and Perry*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Karl J. Ashanti*
*Tel: (212) 227-0414*
*NYCLIS No. 2008-028118*

Due and timely service is hereby admitted.

New York, N.Y. ............................................., 200......

............................................................................. Esq.

Attorney for ........................................................................