RECEIVED
APR 10 2009
CHAMBERS OF
RICHARD J. HOLWELL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x

SAMUEL BRADLEY,

                        Plaintiffs,

        -against-

CITY OF NEW YORK, AURCLIEN JEANTY, TODD
RAGNI, DEBRA EAGER, PETER ALSTON, JEREMIAH
WILLIAMS, MICHAEL PERRY, and JOHN and JANE
DOE 1 through 10; individually and in its official
capacities, (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                        Defendants.

------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER**

08 CV 6703 (RJH)(KNF)

       **WHEREAS**, plaintiff has sought certain documents and information from defendants in this action;

       **WHEREAS**, defendants deem this information and these documents confidential, private and/or subject to a law enforcement and/or governmental privileges and/or other applicable privileges;

       **WHEREAS**, defendants object to the production of those documents unless appropriate protection for their confidentiality is assured;

       **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorney for plaintiff and defendants, as follows:

       1.    As used herein, without waiving any objections defendants might seek to interpose regarding production of these documents, "Confidential Materials" shall mean: (1) performance evaluations; and (2) disciplinary information or records (including Civilian Complaint Review Board histories, Internal Affairs Bureau histories and Central Personnel

Indices) of defendants AURCLIEN JEANTY, TODD RAGNI, DEBRA EAGER, PETER ALSTON, JEREMIAH WILLIAMS, MICHAEL PERRY, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are: (a) obtained by plaintiff from sources other than defendants, or (b) are otherwise publicly available.

2. Defendants shall designate in good faith particular documents "Confidential Materials" by labeling such documents "Confidential" and/or by designating such documents by bates number in a writing directed to plaintiff's counsel. The defendants shall have a reasonable time to inspect and designate as "Confidential Materials" documents sought from third parties.

3. The defendants reserve the right to designate any documents confidential pursuant to this agreement if necessary after production of such documents to the plaintiff.

4. If plaintiff objects to the designation of particular documents as "Confidential Materials," plaintiff shall state such objection in writing to the defendants, and the parties shall endeavor in good faith to resolve such objection. If such objection cannot be resolved, then, within ten (10) days of receiving defendants' response to plaintiff's objections, plaintiff shall seek judicial intervention

5. Plaintiff's attorney shall not use the Confidential Materials for any purpose other than for the preparation or presentation of plaintiff's case in this action.

6. Plaintiff's attorney shall not disclose the Confidential Materials to any person not a member of the staff of his law office, except under the following conditions:

    a. Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

2

  b. Disclosure before trial may be made only to the plaintiff, to an expert who has been retained or specially employed by plaintiff's attorney in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

  c. Before any disclosure is made to a person listed in subparagraphs (a) and (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case.

  7. Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

  8. If any paper which incorporates any Confidential Materials or reveals the contents thereof is filed in this Court, those portions of the papers shall be delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an indication of the nature of the contents, and the following legend:

**CONFIDENTIAL**

This envelope contains documents or information designated confidential pursuant to an order entered by the United States District Court for the Southern District of New York in the above-captioned action.

> This envelope shall not be opened or unsealed without the express direction of a judge of this Court, and its contents shall not be displayed or revealed except as the Court may order. This envelope and its contents shall at all times be maintained separate and apart from the publicly available files of this case.

9. Within 30 days after the termination of this case, including any appeals, the "Confidential Materials," including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to defendants' attorneys or, upon defendants' attorneys' consent, destroyed (except as to privilege material which shall be destroyed), and all persons who possessed such materials shall verify their return or destruction by affidavit furnished to defendants' attorney.

10. Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated: New York, New York
April _9_, 2009

LEVENTHAL & KLEIN, LLP
*Attorneys for plaintiff*
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 722-4100

By: _____
JASON LEVENTHAL (JL /067-)

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street, Rm. 3-157
New York, New York 10007
(212) 227-0414

By: _____
KARL J. ASHANTI (KA 4547)
Assistant Corporation Counsel

SO ORDERED:
_____
U.S.D.J.
4/14/09

5